UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ISLAM CORP.,     PLAINTIFF
d/b/a DERBY CITY PRODUCE

v.     CIVIL ACTION NO. 3:05-CV-00801-S

MICHAEL JOHANNS, Secretary of the     DEFENDANT
United States Department of Agriculture

## MEMORANDUM OPINION

This matter is before the court upon the appeal of the plaintiff, Islam Corp., d/b/a Derby City Produce ("Derby City"), of an administrative decision of the defendant, Michael Johanns ("Johanns"), in his official capacity as Secretary of the United States Department of Agriculture, to exclude Derby City from participation in the federal Food Stamp Program. Derby City contends that Johanns' decision was based on an erroneous interpretation of the applicable statutes and regulations and was arbitrary and capricious.

## BACKGROUND

Derby City is a grocery store located in the West End neighborhood of Louisville, Kentucky. Until recently, Derby City participated in two government-administered programs providing assistance to low income individuals: (1) the Special Supplemental Food Program for Women, Infants and Children ("WIC Program") and (2) the federal Food Stamp Program. The WIC Program is funded by the United States Department of Agriculture ("USDA") and administered by the Kentucky Cabinet for Health and Family Services ("CHFS"). The Food Stamp Program is administered by the USDA through the Food and Nutrition Service ("FNS").

In May 2002, CHFS notified Derby City that it would be disqualified from the WIC Program for three years. CHFS investigators had gone to Derby City on three separate occasions to purchase items under the WIC program. On each visit Derby City overcharged the CHFS investigator. Derby

City appealed CHFS' decision to Jefferson Circuit Court, which in January 2005, upheld the disqualification.

In May 2005, the FNS field office in Lexington, Kentucky, notified Derby City that because it had received a WIC disqualification, the regulations promulgated under the Food Stamp Program required either a reciprocal period of disqualification from the Food Stamp Program or the imposition of a civil monetary penalty in lieu of disqualification. Derby City requested that the FNS grant it a hardship exemption from the suspension so that it could instead pay the civil monetary penalty.

FNS, however, responded that a civil monetary penalty in lieu of disqualification was not warranted "because there are 3 stores with comparable stock and 3 large groceries within a 1 mile radius of your store." In other words, Derby City's disqualification would not pose a hardship to food stamp households because there are other authorized groceries in the area selling as large a variety of staple food items at comparable prices, as required by 7 C.F.R.§ 278.6(f), the regulation governing the hardship exemption. Derby City appealed to FNS' Administrative Review Branch, which sustained the decision of the field office. Derby City now brings this appeal.

## ANALYSIS

Johanns argues that the court lacks jurisdiction over this matter because 7 U.S.C. § 2021 precludes judicial review of the type of administrative decision in this case. We agree.

Generally, judicial review of a FNS decision to disqualify a grocery from the Food Stamp Program is limited to determining "whether the agency properly applied the regulations, *i.e.*, whether the sanction is 'unwarranted in law' or 'without justification in fact.'" *Goldstein v. United States*, 9 F.3d 521, 523 (6th Cir. 1993) (quoting *Woodward v. United States*, 725 F.2d 1072, 1077 (6th Cir. 1984)); *see also* 7 U.S.C. § 2023. However, § 2021 clearly provides that a disqualification from the

Food Stamp Program, which is based on a disqualification from the WIC Program, is not subject to judicial review, notwithstanding the appeals provisions of § 2023.[1,2]

The United States District Court for the Southern District of California addressed this very issue in *Salamo v. United States Dep't of Agric.*, 226 F.Supp.2d 1234 (S.D. Cal. 2002). In *Salamo*, the government argued that the plaintiff store's disqualification under § 2021(g) was not reviewable. The court agreed, finding that § 2021(g)(2)(C) narrows the scope of judicial review otherwise available under § 2023, and that through § 2021(g)(2)(C) the United States had chosen to limit the scope of its waiver of it sovereign immunity. The same reasoning applies to the case at hand.

Meanwhile, Derby City's counter-argument is flawed. Derby City contends that case law permits the court to review whether the FNS properly applied the statutes and regulations in imposing a sanction. Because it does not seek to have this court assess or weigh the severity of the sanction, Derby City asserts that this court maintains the right to review the FNS decision.

According to Derby City, FNS misapplied the regulation governing the hardship exemption, which imposes a two-part legal requirement for the finding of hardship: (1) that in the "area" in which the store operates there is (2) no other comparable store, with "comparable store" explicitly defined as (a) another authorized retail food store (b) selling as large a variety of staples at (c) comparable prices. 7 C.F.R. § 278.6(f). Derby City's argument is that the FNS failed to assess comparable stores in the area, and as a result, the sanction it imposed is unwarranted in law and without justification in fact, the standard of review delineated by *Goldstein*.

---

[1] 7 U.S.C. § 2021(g) states: (1) The Secretary shall issue regulations providing criteria for the disqualification under this chapter of an approved retail food store or a wholesale food concern that is disqualified from accepting benefits under the special supplemental nutritional program for women, infants, and children established under section 1786 of Title 42. (2) A disqualification under paragraph (1) . . . (C) notwithstanding section 2023 of this title, shall not be subject to judicial or administrative review.

[2] With regard to disqualification from the Food Stamp Program, 7 U.S.C. § 2023(a)(13) provides: If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court . . . .

Derby City misapplies *Goldstein*, as well as *R & K Inc. v. United States*, 2000 WL 32013 (6th Cir. 2000) and *Prunty v. United States Dep't of Agric., Food & Nutrition Serv.*, 573 F. Supp. 1015 (S.D. Ohio 1983), two other cases it cites for the same proposition. In each of these cases the plaintiff was "directly" disqualified from the Food Stamp Program, not "indirectly" or "reciprocally" for having first been disqualified from the WIC program. Thus, these courts never dealt with the issue presented by 7 U.S.C. § 2021, as the court in *Salamo* did.

Derby City, however, contends that *Salamo* has not been followed in this circuit or by any other court. They are correct. Nevertheless, the *Salamo* court's reasoning has also not been *rejected* by this circuit or any other court. Although Derby City asserts that *Salmo's* reasoning has been *implicitly* rejected by many courts, we have yet to find a case which does so. Those cases cited by Derby City in support of its assertion, *East Food & Liquor, Inc. v. United States*, 50 F.3d 1405 (7th Cir. 1995), *Davis v. United States*, 847 F.Supp. 120 (E.D. Wis. 1993), and *Kim v. United States*, 822 F.Supp. 107 (E.D.N.Y. 1993), are inapplicable. These cases were decided before the 1996 amendments to 7 U.S.C. § 2021, which added subsection (g), the subsection proscribing judicial review of reciprocal disqualifications. *See* 7 U.S.C.A. § 2021 (1996); Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. 104-193, § 843, 110 Stat. 2105 (1996).

Moreover, even if judicial review was permitted, the language of 7 C.F.R.§ 278.6(f) does not mandate a civil monetary penalty in lieu of disqualification when the criteria for assessing a civil monetary penalty are met. The language clearly states that the "FNS *may* impose a civil money penalty as a sanction in lieu of disqualification." *Id.* Thus, the decision the impose a civil monetary penalty is left to the discretion of the FNS.

As such, we must dismiss this case for lack of subject matter jurisdiction. A separate order in accordance with this opinion will be entered.